OPINION OF THE COURT
J. Robert Lynch, J.
The defendant defaulted in his payments on a 1979 Ford automobile purchased under a retail installment contract assigned to the plaintiff. The latter declared the full amount due and became entitled to repossess. The defendant then filed in bankruptcy. Citing its security interest, the plaintiff petitioner petitioned the bankruptcy court to authorize the *600 trustee to abandon his interest in the automobile. Upon the consent of the trustee the oi'der issued. The plaintiff commenced this replevin action and seeks now, by return of a show cause order, an order of seizure (CPLR 7102, subd [d]). The defendant cross-moves to dismiss the action for lack of subject matter jurisdiction (CPLR 3211, subd [a], par 2).
The defendant claims that this automobile is exempt property under the bankruptcy laws, that it is therefore not subject to seizure on behalf of the plaintiff. A reading of section 522 (subd [d], par [2]) of title 11 of the United States Code indicates that it does not grant exemption to the automobile, but rather to the debtor’s interest in the automobile, provided that it does not exceed $1,200. The defendant’s own exemption claim shows that he has no interest in the automobile; he estimates its value at $4,675 and the lien against it at $9,088, and the net value of his interest is, as he stated, ".00”.
The defendant also claims that, despite the order of abandonment, the automobile is still a part of the bankrupt’s estate and hence the plaintiffs action is barred by the automatic stay of section 362 of title 11 of the United States Code. In support he quotes Collier, Bankruptcy ([15th ed], par 362.04[5], p 362-34): "Paragraph (5) stays acts to create, perfect or enforce liens securing pre-petition claims against property of the debtor. Such property would include property acquired after the date of the filing of the petition, exempt property, abandoned property” (italics supplied).
We have no quarrel with this, that the stay continues as to property abandoned to the debtor (see, e.g., US Code, tit 11, § 554, subd [a]). But here the property was abandoned to the plaintiff (see US Code, tit 11, § 554, subd [b]). In such instance the stay no longer continues (US Code, tit 11, § 362, subd [c], par [1]). The distinction is pointed out in the legislative history: "Subsection (c) of section 362 specifies the duration of the automatic stay. Paragraph (1) terminates a stay of an act against property of the estate when the property ceases to be property of the estate, such as by sale, abandonment, or exemption. It does not terminate the stay against property of the debtor if the property leaves the estate and goes to the debtor” (House Report No. 95-595, 95th Cong, 1st Sess [1977] 343; Senate Report No. 95-989, 95th Cong, 2nd Sess [1978] 52 [in US Code, Cong & Admin News, 1978, vol 5, p 5838]; see, also, Collier, Bankruptcy [15th ed], par 362.06).
The cross motion must be denied and the motion granted.